UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
MICHELLE WALLS,                                :
                                               :
                        Plaintiff,             :
                                               :         MEMORANDUM &
        -against-                              :         ORDER
                                               :
DIESEL AUTO EXPRESS, DIESEL AUTO               :         23-CV-1037 (LDH)(MMH)
EXPRESS LLC, ANDREI AFANASEV, and JOHN         :
DOE,                                           :
                                               :
                        Defendants.            :
-------------------------------------------------------------- x

**MARCIA M. HENRY**, United States Magistrate Judge:

In this diversity action, Plaintiff Michelle Walls claims that she was injured when her car collided with a truck owned by Defendant Diesel Auto Express LLC and operated by Defendant Andrei Afanasev. (*See generally* Am. Compl., ECF No. 1-6.)[1] Defendants move for a protective order under Federal Rule of Civil Procedure 26(c) permitting their delayed production of video footage captured by Defendants' vehicle. (Mot., ECF No. 10.) For the reasons set forth below, the motion is **denied**.

**I.    BACKGROUND**

This action arises from a claim for personal injuries Plaintiff sustained on January 25, 2022. (*See* Not. of Removal, ECF No. 1 at 1 ¶ 2.) As alleged in the pleadings, Plaintiff was driving her car in Brooklyn at the intersection of 65th Street and 7th Avenue, when Afanasev, driving Diesel Auto Express LLC's truck, struck her. (*See* Am. Compl., ECF No. 1-6 ¶¶ 36–37, 41, 45.) According to the police report completed the same day, Plaintiff told officers she

---

[1] All citations to documents filed on ECF are to the ECF document number (*i.e.*, "ECF No. ___") and pagination "___ of ___" in the ECF header unless otherwise noted.

was stopped in the right lane of 7th Avenue when the light turned red and a second vehicle ("Vehicle 2") made a sudden right turn from the left lane. (Mot. Ex. A., ECF No. 10-1 at 2.) Plaintiff claimed that the "rear end" of Vehicle 2's "trailer" struck the front bumper of her vehicle and that the driver of Vehicle 2 fled without exchanging information. (*Id.*)

In May 2022, Dr. Wilen examined Plaintiff, who complained of pain in her right shoulder, neck, and back due to the January 25, 2022, accident. (*See id.* at 5.) According to the medical records, Plaintiff stated that "a tracker [sic] trailer struck her on the left side of the car when the truck was trying to change into her lane." (*Id.*)

Plaintiff filed this action in Kings County Supreme Court in December 2022 against Diesel Auto Express and a "John Doe" defendant. (Notice of Removal, ECF No. 1 ¶ 1.) Plaintiff amended the Complaint to add Diesel Auto Express LLC and Andrei Afanasev as defendants in January 2023. (Notice of Removal, ECF No. 1 at 2 ¶¶ 6, 9.) Defendants timely removed to this Court in February 2023. (*See generally* Notice of Removal, ECF No. 1.)

At the initial conference before this Court in April 2023, Defendants reported that two videos of the incident existed: a video taken from the car behind Plaintiff's at the time of the accident ("Video 1"), and another video taken from a dashboard camera in Defendants' vehicle, which regularly captures footage while the truck is operating ("Video 2"). (*See generally* Apr. 11, 2023 Minute Entry.) Defendants indicated that they intended to seek a protective order to delay their production of Video 2, to which Plaintiff objected. (*Id.*)

Defendants filed the pending motion for a protective order on April 26, 2023. (Mot., ECF No. 10.) Plaintiff opposed on May 3, 2023. (Opp'n, ECF No. 12.) As directed by the Court, Defendants submitted the disputed video footage, which the Court received on May 5, 2023. (*See* Apr. 27, 2023 Order.)

2

## II. DISCUSSION

The motion to delay production of video footage implicates Rules 26(c) and 26(d)(3) of the Federal Rules of Civil Procedure. *See McCovey v. TJX Cos., Inc.*, No. 22-CV-2570 (KAM)(RLM), 2022 WL 18858976, at *1 (E.D.N.Y. July 13, 2022). Under Rule 26(c), "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending. . . . The court may, for good cause, issue an order to protect a party or person," including specifying terms such as "time and place . . . for the disclosure or discovery." Fed. R. Civ. P. 26(c)(1)(B). Under Rule 26(d)(3), discovery by one party does not require any other party to delay its discovery "unless the parties stipulate or the court orders otherwise for the parties' and witnesses' convenience and in the interest of justice." Fed. R. Civ. P. 26(d)(3). "Trial courts enjoy wide discretion in handling pretrial discovery under both provisions: broad discretion under Rule 26(c) to decide whether and to what extent a protective order is warranted, and similarly broad discretion under Rule 26(d)(3) to control the timing and sequence of discovery." *McCovey*, 2022 WL 18858976, at *1.

"To establish good cause under Rule 26(c), courts require a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Ampong v. Costco Wholesale Corp.*, 550 F. Supp. 3d 136, 139 (S.D.N.Y. 2021). "Given the fact-based nature of the inquiry under Rule 26, coupled with the wide discretion bestowed on trial courts, motions within this Circuit to delay production of video recordings until after the deposition of the plaintiff have met with "'mixed results.'" *McCovey*, 2022 WL 18858976, at *2 (quoting *Avila v. Target Corp.*, No. 21-CV-907 (PKC)(JMW), 2021 WL 4311142, at *4 (E.D.N.Y. Sept. 22, 2021)); *see also Avila*, 2021 WL 4311142, at *4 (collecting cases)).

3

Defendants argue that the footage in Video 2 "directly contradicts" Plaintiff's statements to police officers on the date of the accident and to Dr. Wilen months later and therefore warrants delaying production until after Plaintiff's deposition to prevent her from tailoring her testimony.  (Mot., ECF No. 10 at 2.)  Plaintiff asserts that Defendants offer no specific "significant discrepancies" in Plaintiff's various statements and, unlike her, they seek to delay production of otherwise discoverable materials.  (Opp'n, ECF No. 12 at 2–3.)[2]

After reviewing the parties' submissions and Video 2, the Court finds that a protective order is not warranted because Defendants fail to show good cause to delay Video 2's production and the interests of justice do not require delayed production.  *See* Fed. R. Civ. P. 26(c), 26(d)(3).  *First*, there is no true discrepancy between Plaintiff's allegations—whether in the Amended Complaint, her statements to the police, or her statements to Dr. Wilen—and Video 2.  *Contra Ampong*, 550 F. Supp. 3d at 139 (granting protective order when "discrepancy between what is depicted in the video footage as compared to Plaintiff's accounts of what occurred" provided "independent factual basis" to warrant delayed production) (citation omitted).  Rather, Plaintiff states that she was in her car, the Defendants' truck was on her left side, and the truck at some point moved to its right (i.e., toward Plaintiff's left).  Video 2's footage is consistent with these basic facts.  *Second*, "[p]arties are not entitled to protective orders to simply withhold emails, documents, and photos until after a witness's deposition on the grounds that the witness might simply tailor testimony[.]"  *Avila*, 2021 WL 4311142, at *5 (citing *Rofail v. United States*, 227 F.R.D. 53, 59 (E.D.N.Y. 2005)).  Similar considerations

---

[2] In opposing Defendants' planned motion, Plaintiff reported that she had already disclosed Video 1 to the defense.  (*See* Opp'n, ECF No. 12 at 1.)

4

apply to the disputed video footage here, where Defendants offer no independent basis that Plaintiff will tailor her testimony to Video 2.

### III. <u>CONCLUSION</u>

For the reasons stated, Defendants' motion for a protective order permitting delayed production of the video footage of the relevant incident is **denied**. Defendants are directed to disclose the disputed video footage to Plaintiff by **June 9, 2023**, and to meet and confer to promptly schedule Plaintiff's deposition for a date thereafter.

**SO ORDERED.**

Brooklyn, New York
June 8, 2023

        /s/Marcia M. Henry
        MARCIA M. HENRY
        United States Magistrate Judge